(21 Misc. Rep. 326.)

## WOODS v. BURTON.

(Supreme Court, Appellate Term. October 1, 1897.)

REAL-ESTATE BROKERS—COMMISSIONS—MOVING CAUSE OF SALE.

Plaintiff, real-estate broker, did not introduce the purchaser to defendant, nor did he first call the purchaser's attention to defendant's property. He offered the property to the purchaser, however, but the offer was rejected, and plaintiff's agency was terminated by agreement. Subsequently the purchaser procured the land at a lower price. *Held*, that plaintiff was not the moving cause of the sale, and hence he was not entitled to commissions.

Appeal from Eighth district court.

Action by George F. Woods against Myron C. Burton to recover broker's commissions for procuring the sale of defendant's lots. There was a judgment of $130 damages, besides costs, in favor of plaintiff, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. C. Julius Langbein and Langbein Bros. & Langbein, for appellant.

Robert J. Robeson and Quincy, Wendel & Robeson, for respondent.

DALY, P. J. The dispute in this case is whether the plaintiff was the procuring cause of the sale of defendant's lots on Bathgate avenue, New York, to Mr. Mahler. The evidence does not support his claim. He testifies that he offered the lots to Mahler on May 5th. It appears from a postal card dated May 2d, from Mahler, addressed to another broker, named Fenton, and from the testimony of Fenton, that the property was offered to Mahler by the latter broker, and Mahler was introduced to defendant by that broker before May 5th. It also appears, from the testimony. of Mahler, that the property was offered to him by at least two other brokers besides plaintiff and Fenton. Neither the plaintiff nor Fenton succeeded in getting him to give the price demanded by the defendant. He bought the lots, in the following September, for less than the sum originally asked. The case fails to show that this purchase was brought about by any effort of the plaintiff; and, as the property was not originally brought to the purchaser's attention by the plaintiff, and the purchaser was not introduced to defendant by the plaintiff, there seems to be no ground for the recovery which has been allowed. The defendant swears that, after giving his terms to the plaintiff in a letter of April 17th, he called upon him, and was told by plaintiff that his party would not take the lots; that defendant said to him he had other parties considering the property, and, if plaintiff's party would not take it, the matter was off; that plaintiff replied he could not do anything, and defendant then told him that the matter was off, that he had other parties considering the property, and plaintiff replied that it was all right. The plaintiff testifies, with respect to this interview, that he told the defendant he had parties considering the lots, and would inform defendant as soon as he got an answer; but he does not otherwise deny defendant's statement as to what occurred at the interview, and it does not appear that he communicated after that with the defendant, even according to his promise. The uncontradicted testimony, therefore, seems to show a termination of the plaintiff's agency before the introduction of the purchaser to the defendant by the broker Fenton.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.